IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-42,781-02







EX PARTE EUGENE ALVIN BROXTON







ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 599218-B IN THE 209TH JUDICIAL DISTRICT COURT


HARRIS COUNTY




 Per curiam.


O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted in March 1992 of capital murder. Tex. Penal Code Ann.
§ 19.03(a)(2). Based on the jury's answers to the special issues set forth in the Texas Code
of Criminal Procedure, Article 37.071, sections 2(b) and 2(e), the trial court sentenced him
to death. Art. 37.071, § 2(g). (1) This Court affirmed applicant's conviction and sentence on
direct appeal. Broxton v. State, 909 S.W.2d 912 (Tex. Crim. App. 1995). This Court denied
relief on his Article 11.071 application for a writ of habeas corpus. Ex parte Broxton, No.
WR-42,781-01 (Tex. Crim. App. Oct. 27, 1999) (not designated for publication). Applicant
then filed an application for a writ of habeas corpus in federal district court. The federal
district court vacated his death sentence and remanded the case to the trial court. Broxton
v. Johnson, No. H-00-CV-1034, 2001 U.S. Dist. LEXIS 25715 (S.D. Tex. March 28, 2001)
(not designated for publication), certificate of appealability denied sub nom. Broxton v.
Cockrell, 278 F.3d 456 (5th Cir. 2002), cert. denied, 537 U.S. 951 (2002). On November 14,
2003, following a new punishment hearing, based on the jury's answers to the special issues,
the trial court again sentenced applicant to death. This Court affirmed applicant's sentence
on direct appeal. Broxton v. State, No. AP-71,488 (Tex. Crim. App. June 29, 2005) (not
designated for publication), cert. denied, 546 U.S. 1142 (2006).

 Applicant presents six allegations in his application in which he challenges the
validity of his sentence. The trial judge entered findings of fact and conclusions of law and
recommended that relief be denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial judge's recommendation and adopt the trial judge's findings and
conclusions. Based upon the trial court's findings and conclusions and our own review of
the record, relief is denied.

 IT IS SO ORDERED THIS THE 27TH DAY OF JANUARY, 2010.

Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.