IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-42,781-03






EX PARTE EUGENE ALVIN BROXTON









ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 599218 IN THE 209TH DISTRICT COURT


HARRIS COUNTY






 Per Curiam. Alcala, J., not participating.



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5. (1)

 In 1992, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071, and the trial court, accordingly,
set punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Broxton v. State, No. AP-71,488, 909 S.W.2d 912 (Tex. Crim. App. 1995). 
Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court in 1997, and this Court denied relief in 1999. Applicant then filed an
application for a writ of habeas corpus in federal district court. The federal district court
vacated the death sentence and remanded the case to the trial court. Broxton v. Johnson, No.
H-00-CV-1034, 2001 U.S. Dist. LEXIS 25715 (S.D. Tex. March 28, 2001) (not designated
for publication), certificate of appealability denied sub nom. Broxton v. Cockrell, 278 F.3d
456 (5th Cir. 2002), cert. denied, 527 U.S. 951 (2002). On November 14, 2003, following
a new punishment hearing, based on the jury's answers to the special issues, the trial court
again sentenced applicant to death. This Court affirmed the sentence on direct appeal. 
Broxton v. State, No. AP-71,488, 2005 Tex. Crim. App. Unpub. LEXIS 393 (Tex. Crim.
App. June 29, 2005) (not designated for publication), cert. denied, 546 U.S. 1142 (2006).

 Applicant filed a post-conviction application challenging his sentence on August 12,
2005. This Court denied relief. Ex parte Broxton, No. WR-42,781-02 (Tex. Crim. App.
January 27, 2010) (not designated for publication). Applicant then filed an application for
a writ of habeas corpus in federal district court. Broxton v. Thaler, No. H-11-CV-315 (S. D.
Tex. February 23, 2011). The federal district court stayed the proceedings, finding that the
illness and death of state habeas counsel appeared to constitute good cause for applicant's
failure to exhaust claims in state court. Id., Docket Entry No. 8 at 2. Applicant then filed
this subsequent application for writ of habeas corpus in the convicting court on March 16,
2011. In compliance with Art. 11.071, § 5(b)(1), the convicting court forwarded this
application to this Court.

 We have reviewed this subsequent application and find that the allegations fail to
satisfy the requirements of Article 11.071, § 5(a). Accordingly, the application is dismissed
as an abuse of the writ. Art. 11.071, § 5(c).

 IT IS SO ORDERED THIS THE 8TH DAY OF JUNE, 2011.


Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.